UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANCIS P. GAFFNEY, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:19cv934(KAD) |
| | : | |
| KENNETH BUTRICKS, | : | |
| Respondent. | : | |

## <u>RULING ON PETITION FOR WRIT OF HABEAS CORPUS</u>

**Preliminary Statement**

The petitioner, Francis P. Gaffney ("Gaffney"), is an inmate currently confined at

Cheshire Correctional Institution. He brings this petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254 to challenge his sixty-year sentence imposed following his 1989 plea of guilty

to felony murder and kidnapping charges. For the reasons that follow, the petition is dismissed

without prejudice for failure to exhaust state court remedies.

**Procedural Background**

On March 28, 1989, in *State v. Gaffney*, Case No. FBT-CR87-0032838-T, Gaffney

pleaded guilty under the *Alford* doctrine[1] to one count of felony murder and one count of

kidnapping. Pet. Writ Habeas Corpus at 2. On June 2, 1989, he was sentenced to a total

effective sentence of sixty years of imprisonment without the possibility of parole. *Id.* Gaffney

did not appeal his conviction or sentence.

---

[1] *See North Carolina v. Alford,* 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

Although Gaffney has filed three state habeas petitions and one motion to correct illegal sentence since 1990[2], for purposes of this petition, only the third state habeas petition is of import, *see Gaffney v. Commissioner of Correction*, Docket No. TSR-CV17-4008794-S. Therein,[3] Gaffney challenged his sixty-year sentence as violative of the Eighth Amendment. *See* Pet. Writ Habeas Corpus at 29-31. He argued that the holding in *Miller v Alabama*, 567 U.S. 460 (2012), that a mandatory life sentence for a defendant who committed his crime before turning 18 years old violates the Eighth Amendment, should apply to the imposition of his sixty-year sentence for crimes he committed when he was eighteen. *See id.*

In addition, on July 6, 2017, Gaffney filed a motion in his state criminal case, *State v. Gaffney*, Case No. FBT-CR87-0032838-T, raising the same Eighth Amendment claim. *See id.* at 29. On August 23, 2017, the motion was denied. *See id.* at 30. Gaffney appealed the ruling but withdrew the appeal on December 27, 2017. *See id.* at 13, *State v. Gaffney*, AC 41013.

On March 22, 2018, Gaffney filed two motions for summary judgment in the third state habeas action. *See id.* at 12-13. One motion raised the claim that Supreme Court's holding in *Miller* should apply to his sentence and the other motion raised a claim regarding statutory construction. *See id.* At the hearing on the motions for summary judgment, Gaffney argued that the decision in *Cruz v. United States,* Civil No. 11-CV-787 (JCH), which applied the holding in *Miller* to vacate the sentence of a federal inmate who was eighteen at the time that he committed his crime, should also apply to his sentence. At the conclusion of the hearing, the judge denied

---

[2]His motion to correct an illegal sentence was denied, *State v. Gaffney*, 2012 WL 1508993, at *2 (Conn. Super. Ct. Apr. 5, 2012), which denial was affirmed. *State v. Gaffney,* 148 Conn. App. 537 *cert. denied.*, 312 Conn. 902 (2014). The first habeas petition, filed in 1990, and the second, filed in 2004, asserted ineffective assistance of counsel claims and were both dismissed. *See Gaffney v. Warden*, No. CV054000811S, 2007 WL 4171552, at *1-2, 7 (Conn. Super. Ct. Nov. 5, 2007).

[3] Information regarding Gaffney's third state habeas petition may be found at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up; Civil/Family/Housing/Small Claims - by Docket Number using TSR-CR17-4008794-S (Last visited on July 30, 2019).

both motions but did not dismiss or deny the petition for writ of habeas corpus. *See id.* at 15-16.

Gaffney filed an interlocutory appeal of the denial of his motions for summary judgment. On

December 13, 2018, the Connecticut Appellate Court dismissed the appeal because a final

judgment had not been entered by the trial court. *See id.* at 6. On June 5, 2019, the Connecticut

Supreme Court denied Gaffney's petition for certification to appeal from the order of the

Connecticut Appellate Court. *See Gaffney v. Comm'r of Correction*, 332 Conn. 903, 208 A.3d

660 (2019). As a consequence, the third habeas petition remains pending in the superior court.

**Discussion**

A prerequisite to habeas relief under section 2254 is the exhaustion of all available state

remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).

The exhaustion requirement seeks to promote considerations of comity and respect between the

federal and state judicial systems. *See Davila v. Davis*, ___ U.S. ___, 137 S. Ct. 2058, 2064,

(2017) ("The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court

'upset[ting] a state court conviction without' first according the state courts an 'opportunity to ...

correct a constitutional violation.'" (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982))).

To meet the exhaustion requirement, a petitioner must present the essential factual and

legal bases of his federal claim to each appropriate state court, including the highest state court

capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and

correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365

(1995) (*per curiam*) (internal quotation marks and citation omitted). A federal claim has been

"fairly present[ed] in each appropriate state court, including a state supreme court with powers of

discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v.*

*Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted).

Here, Gaffney asserts that his sixty-year sentence violates both the Cruel and Unusual Punishment Clause of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment.  Pet. Writ Habeas Corpus at 29.  In support of these claims, he alleges that the judge in his 2017 state habeas petition erred in concluding that the neither the decision in *Miller*, 567 U.S. 460, nor the decision in *Cruz,* 2018 WL 1541898, applied to his sixty-year sentence. *Id.* at 31-32.  Although Gaffney states that he raised the same Eighth Amendment claim in his 2017 state habeas petition and raised the Fourteenth Amendment claim when he appealed the denial of his motions for summary judgment, he has not fully exhausted either claim.  *Id.* at 31-32.  As indicated above, the third state habeas petition is still pending.  The Connecticut Appellate Court did not address the merits of the constitutional claims because the habeas court had not issued a final judgment. Rather, the Appellate court "remanded" the case back to the "habeas court for further proceedings," *Id.* at 32. Accordingly, the claim asserted in this petition has not yet been fully exhausted.

Notwithstanding, Gaffney requests that the court stay this action while he completes the exhaustion process in state court. In *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), the Second Circuit recommended that when "an outright dismissal" of a petition containing both exhausted and unexhausted claims "could jeopardize the timeliness of a collateral attack," a district court should stay the exhausted claims and dismiss the unexhausted claims with a direction to the petitioner to timely complete the exhaustion process and return to federal court.  *Id.* at 380-82 (internal quotation marks and citations omitted).  There is no basis on which to stay this action because the only ground in the petition is unexhausted.  *See Campbell v. Erfe*, No. 3:16CV1236(AWT), 2016 WL 4926411, at *2 (D. Conn. Sept. 14, 2016) ("*Zarvela* is

inapplicable because the petition includes no exhausted claims.  Thus, it is not a mixed petition and there are no exhausted claims to stay.").

**Conclusion**

Accordingly, the Petition for Writ of Habeas Corpus [**ECF No. 1**] is **DISMISSED** without prejudice for failure to exhaust state court remedies.  Gaffney may re-file a new federal habeas petition after he has fully exhausted all available state court remedies as to the claim in the petition.[4]

The court further concludes that jurists of reason would not find debatable the question of whether Gaffney has exhausted his state court remedies. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to close this case.

SO ORDERED at Bridgeport, Connecticut this 31th day of July 2019.

_____/s/_____
Kari A. Dooley
United States District Judge

---

[4]In dismissing the petition without prejudice, the court makes no determination as to whether any subsequent federal petition will be barred by the statute of limitations or whether, if not barred by the statute of limitations, the claim has merit.